No. 22-3326

---

## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS,

*Petitioner-Appellant*,

v.

UNITED STATES,

*Respondent-Appellee.*

---

*In the Matter of the Application of the
Reporters Committee for Freedom of the Press to
Unseal Certain Search Warrant Materials*

On Appeal from the United States District Court for the District of Minnesota
No. 20-mc-82-PJS-TNL (Hon. Patrick J. Schiltz)

---

### Reply Brief of Petitioner-Appellant

---

SUBMITTED BY:

Megan Graham
Samuelson Law, Technology &
   Public Policy Clinic
353 Law Building
UC Berkeley School of Law
Berkeley, CA 94720-7200
Tel: (510) 664-4381
mgraham@clinical.law.berkeley.edu

*Counsel for Petitioner-Appellant*

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................i

TABLE OF AUTHORITIES.........................................................................ii

INTRODUCTION ........................................................................................1

ARGUMENT ................................................................................................2

   I.   The USAO's characterization of the record is misleading. ...........................2

   II.  The Reporters Committee has established an injury-in-fact.........................7

   III. The USAO's arguments about the appropriate evidentiary burden are a red herring..........................................................................................13

CONCLUSION............................................................................................15

CERTIFICATE OF COMPLIANCE..........................................................17

CERTIFICATE OF SERVICE...................................................................18

Appellate Case: 22-3326   Page: 2   Date Filed: 05/19/2023 Entry ID: 5278849

# TABLE OF AUTHORITIES

## CASES

*Brown v. Advantage Eng'g, Inc.*,
    960 F.2d 1013 (11th Cir. 1992) ......................................................................11

*Carlson v. United States*,
    837 F.3d 753 (7th Cir. 2016) .................................................................8, 9, 11

*Davis v. E. Baton Rouge Par. Sch. Bd.*,
    78 F.3d 920 (5th Cir. 1996) ...........................................................................11

*Doe v. Pub. Citizen*,
    749 F.3d 246 (4th Cir. 2014) ................................................................7, 9, 11

*FEC v. Akins*,
    524 U.S. 11 (1998) ...................................................................................7, 11

*Flynt v. Lombardi*,
    782 F.3d 963 (8th Cir. 2015) ...........................................................................7

*Gannett Co. v. DePasquale*,
    443 U.S. 368 (1979) .................................................................................11, 12

*Globe Newspaper Co. v. Super. Ct.*,
    457 U.S. 596 (1982) .................................................................................11, 12

*Hartford Courant Co. v. Pellegrino*,
    380 F.3d 83 (2d Cir. 2004) .............................................................................10

*IDT Corp. v. eBay*,
    709 F.3d 1220 (8th Cir. 2013) .......................................................................13

*In re Appl. of Leopold to Unseal Certain Elec. Surveillance Appls. & Ords.*
    (*Leopold*),
    964 F.3d 1121 (D.C. Cir. 2020) ............................................................3, 9, 10

*In re Granick*,
    388 F. Supp. 3d 1107 (N.D. Cal. 2019) .............................................8, 9, 10, 11

Appellate Case: 22-3326    Page: 3    Date Filed: 05/19/2023 Entry ID: 5278849

*In re Iowa Freedom of Info. Council*,
    724 F.2d 658 (8th Cir. 1983) ............................................................9

*In re Search Warrant for Secretarial Area Outside Off. of Gunn* (*In re Gunn*),
    855 F.2d 569 (8th Cir. 1988) ...................................................11, 12

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ...........................................................8, 13, 14

*Press-Enterprise Co. v. Super. Ct.* (*Press-Enterprise II*),
    478 U.S. 1 (1986) ...................................................................11, 12

*Pub. Citizen v. DOJ*,
    491 U.S. 440 (1989) ..............................................................................7

*State v. Biden*,
    52 F.4th 362 (8th Cir. 2022) ...........................................................10

## RULES

Fed. R. Civ. P. 12(b) ...........................................................................15

Fed. R. Civ. P. 12(c) ...........................................................................15

Fed. R. Civ. P. 4(m) ............................................................................15

Fed. R. Civ. P. 41(a) ...........................................................................15

Fed. R. Civ. P. 41(b) ...........................................................................15

Fed. R. Civ. P. 56(e) ...........................................................................13

## OTHER AUTHORITIES

Appl., *In re Appl. of Reps. Comm. for Freedom of the Press for Access to Certain Sealed Court Recs.*,
    No. 0:18-mc-85 (D. Minn. Oct. 31, 2018), ECF No. 1 ......................................3

Appl., *In re Appl. of the Reporters Comm. for Freedom of the Press to Unseal Certain Search Warrant Appls. & Related Judicial Docs.*, No. 18-mc-320-KPF (S.D.N.Y. July 3, 2018), ECF No. 1 ..............................3

iv

Petitioner-Appellant Reporters Committee for Freedom of the Press (the "Reporters Committee")[1] respectfully submits this Reply Brief in further support of the arguments made in its Opening Brief, *see* Appellant's Br., and in response to the arguments made in the Brief of the USAO, *see* Appellee's Br.

## INTRODUCTION

The USAO's attempt to defend the District Court's order of dismissal ignores decades of authority from this and other federal courts of appeals making clear that a denial of access to judicial records is an injury-in-fact sufficient to establish Article III standing if the common law or First Amendment presumption of public access arguably applies. The USAO has never disputed—nor could it—that the Reporters Committee is, as a factual matter, being denied access to the sealed and undocketed judicial records in the District identified in the Amended Application—judicial records that the public has a presumptive right to inspect. The Reporters Committee is, as a result, suffering a cognizable informational injury that can be redressed by the relief it sought from the District Court. As a matter of law, nothing more is required to establish standing. And this Court should reject the USAO's misguided invitation—based on arguments directly contradicted by controlling case law—to erect new and undefined jurisdictional

---

[1] This Reply Brief uses abbreviations as defined in the Reporters Committee's Opening Brief. *See* Appellant's Br.

Appellate Case: 22-3326     Page: 6     Date Filed: 05/19/2023 Entry ID: 5278849

barriers to prevent members of the public and press from asserting their right to inspect judicial records.

For the reasons herein and in the Reporters Committee's Opening Brief, this Court should reverse the District Court's decision and find that the Reporters Committee has standing to seek access to the judicial records identified in its Amended Application. *See* JA-62–JA-66; R. No. 35.[2]

## ARGUMENT

### I. The USAO's characterization of the record is misleading.

As an initial matter, a number of the assertions made in the background and procedural history sections of the USAO's Brief are inaccurate or misleading, *see* Appellee's Br. 3–15, and warrant correction.[3]

First, the USAO incorrectly asserts (for the first time) that the Reporters Committee never sought access to any records in the District of Minnesota prior to filing its initial Application. Appellee's Br. 3 ("Prior to filing its application, the Committee had never sought nor been denied access to any particular materials in the District of Minnesota."); *see also* Appellee's Br. 9 (indicating same). Before filing its initial Application, the Reporters Committee tried to access the types of

---

[2] All citations in this Reply Brief beginning with "JA" are to the Joint Appendix.

[3] The Reporters Committee's Opening Brief provides a thorough description of the background and procedural history of this case. *See* Appellant's Br. 10–19.

2

records identified in that Application via CM/ECF. *See* JA-35; R. No. 33, at 5:18–19.[4] It was unable to do so; for each access attempt, it received a message in CM/ECF stating: "You do not have permission to view this document." *Id.* On that basis, the Reporters Committee alleged that it could not access the records described in the Application, and that it was unable to ascertain based on publicly available information the full scope of those records currently under seal in the District. *See, e.g.*, JA-7; R. No. 1, at 2 ("Upon information and belief, the materials subject to this Application are filed under various different case numbers, and Petitioner does not know and cannot ascertain based on publicly available information the case numbers of the matters that fall within the scope of this Application.").

Later, through discussions with the Clerk's Office and USAO, the Reporters

---

[4] Moreover, the Reporters Committee has a well-documented history of seeking access to similar records in the District of Minnesota and in other federal courts around the country. For instance, it previously filed an application in the District to unseal various judicial records—including, *inter alia*, SCA warrants, SCA orders, and PRA orders—related to the government's investigation of Terry Albury, who was prosecuted for the unauthorized disclosure of government information to the news media. *See* Appl., *In re Appl. of Reps. Comm. for Freedom of the Press for Access to Certain Sealed Court Recs.*, No. 0:18-mc-85 (D. Minn. Oct. 31, 2018), ECF No. 1; *see also, e.g.*, *In re Appl. of Leopold to Unseal Certain Elec. Surveillance Appls. & Ords.* (*Leopold*), 964 F.3d 1121, 1123 (D.C. Cir. 2020); Appl., *In re Appl. of the Reporters Comm. for Freedom of the Press to Unseal Certain Search Warrant Appls. & Related Judicial Docs.*, No. 18-mc-320-KPF (S.D.N.Y. July 3, 2018), ECF No. 1.

Appellate Case: 22-3326    Page: 8    Date Filed: 05/19/2023 Entry ID: 5278849

Committee learned that *some* of the records identified in the Application were available for public inspection under the District's current practices.[5] *See* JA-20:2–23; R. No. 26, at 9:2–23; *see also* JA-21:5–9; R. No. 26, at 10:5–9. This was not clear to members of the public. For instance, through the meet-and-confer process, the Reporters Committee learned that some of the records it had been unable to access via CM/ECF were unsealed but could only be accessed via a terminal in the Clerk's Office. *See* JA-35:16–22; R. No. 33, at 5:16–22; *see also* Appellant's Br. 12. Prior to those meet-and-confer discussions, the Reporters Committee reasonably had interpreted the warning it had received via CM/ECF in response to its earlier attempts to access relevant records—"You do not have permission to view this document," JA-35:18–19; R. No. 33, at 5:18–19—as a denial of access.[6]

---

[5] It is evident from the detail with which the Reporters Committee was able to describe the District's practices throughout the litigation, that the Reporters Committee repeatedly sought access to dockets and other judicial records identified in its Amended Application, both before and during the pendency of the case. Initially, as noted above, it did so via CM/ECF. And, after it learned that certain unsealed materials could only be accessed in person at the Clerk's Office, counsel for the Reporters Committee spent two full days at the Minneapolis federal courthouse attempting to access and inspecting various relevant dockets and other unsealed filings before filing the Amended Application.

[6] The Reporters Committee advocated for this confusing language to be changed in the District Court below. The USAO did not object to "placing a notice on the Court's website to inform the public that when warrants and other surveillance orders are unsealed, they are available for viewing in person at the Clerk's Office." JA-28–JA-29; R. No. 30, at 1–2. The language on CM/ECF, however, remains

4

In any event, the USAO does not—and cannot—dispute that members of the public and press do not have access to the records at issue in the Amended Application. The Amended Application seeks access to applications, supporting materials, and resulting warrants and orders sought pursuant to several authorities, including Rule 41, the SCA, the PRA, 18 U.S.C. § 3117, and the All Writs Act. These records are undisputedly sealed or undocketed. *See, e.g.*, Pet'r's Mem. in Supp. of Am. Appl. 7–11, R. No. 36 (discussing experiences attempting to access records and including screengrabs of what the Reporters Committee—and other members of the public—saw when seeking access to relevant records); *see also* JA-62–JA-66; R. No. 35, at 1–5.

Moreover, contrary to the USAO's arguments, the records are of significant interest to the Reporters Committee, as the Reporters Committee articulated in both the Application and Amended Application, and throughout this litigation. *See, e.g.*, JA-7–JA-9; R. No. 1, at 2–4 (explaining the press and the public have a "particular interest in obtaining access to court documents concerning federal government requests for judicial authorization to collect electronic communication records"); JA-63–JA-65; R. No. 35, at 2–4 (indicating same); JA-28–JA-29; R.

---

unchanged. *See* JA-35:23–24; R. No. 33, at 5:23–24 ("It's our understanding that that warning is hard coded into CM-ECF, so the Clerk's Office can't change it . . . .").

Appellate Case: 22-3326    Page: 10    Date Filed: 05/19/2023 Entry ID: 5278849

No. 30, at 1–2 (identifying the Reporters Committee's interest in certain docketing practices). Indeed, after filing the Amended Application, the Reporters Committee continued to demonstrate its interest in accessing the requested records. *See e.g.*, JA-35:16–JA-36:2; R. No. 31, at 5:16–6:2 (discussing what members of the public saw when attempting to access the sorts of applications and dockets at issue in this case); JA-43:17–JA-44:12; R. No. 31, at 13:17–14:12 (discussing interest in accessing information about PRA orders); JA-79:25–JA-80:7; R. No. 52, at 11:25–12:7 (discussing research on dockets that were previously sealed by default); JA-87:21–JA-88:15; R. No. 52, at 19:21–20:15 (providing collected statistics based on what became publicly available after the court changed its docketing policies in response to negotiations). Indeed, prior to entry of its Order, the District Court acknowledged the Reporters Committee's interests in the records at issue. *See, e.g.*, JA-24:12–JA-25:5; R. No. 26, at 13:12–14:5.

Finally, the USAO mischaracterizes the "focus" of the Amended Application as being on prospective relief. Appellee's Br. 8. The Amended Application seeks the unsealing of specific, existing judicial records and dockets for which the case numbers are unknown, the docketing of denied applications for which there are no case numbers, and forward-looking changes to docketing and unsealing procedures in the District that are necessary to ensure that future, similar filings are not perpetually sealed in contravention of the public's First Amendment

and common law rights of access. The scope of any relief it may be entitled to—whether that is unsealing specific records or changes to broader District practices—is a merits determination and not relevant to the standing analysis at issue in this appeal. *See, e.g.*, *Flynt v. Lombardi*, 782 F.3d 963, 967 n.3 (8th Cir. 2015) ("The question of whether a party is allowed to intervene is distinct from the issue of whether the party's motion to unseal should be granted.").

## II. The Reporters Committee has established an injury-in-fact.

The only question before the Court is whether the Reporters Committee has standing to pursue the relief sought in its Amended Application. Specifically, the question is whether the Reporters Committee has suffered an injury-in-fact. The law is clear that it has—and that its injury is ongoing.

Members of the public seeking access to judicial records satisfy the injury-in-fact element of Article III standing if they have "(1) alleged a right of disclosure; (2) petitioned for access to the concealed information; and (3) [been] denied the material that they claimed a right to obtain." *Doe v. Pub. Citizen*, 749 F.3d 246, 264 (4th Cir. 2014); *see also FEC v. Akins*, 524 U.S. 11, 12 (1998) ("Their inability to obtain information that, they claim, [a statute] requires [lobbying groups] to make public meets the genuine 'injury in fact' requirement."); *Pub. Citizen v. DOJ*, 491 U.S. 440, 449 (1989) (holding that denial of access to information to which the public has a statutory right "constitutes a sufficiently

7

distinct injury to provide standing to sue"); *Carlson v. United States*, 837 F.3d 753, 759 (7th Cir. 2016) (holding that a member of the public has standing to petition for access to court records because "the public has 'a general right to inspect and copy public records and documents, including judicial records and documents'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)), and a denial of access "inflicts an injury-in-fact"); *In re Granick*, 388 F. Supp. 3d 1107, 1117 (N.D. Cal. 2019) (stating that the standing inquiry requires only a colorable claim that the petitioner is entitled to access the judicial records at issue).

The Reporters Committee meets these requirements. It has asserted both a common law and First Amendment right to inspect the records identified in the Amended Application. Appellant's Br. 29–39; *see also* Pet'r's Mem. in Supp. of Am. Appl. 13–32, R. No. 36. There is no dispute that the Reporters Committee (1) cannot access these records now and (2) will be unable to access these records in the future, due to sealing policies and practices in place in the District. *See* JA-62; R. No. 35, at 1; JA-6; R. No. 1, at 1. Accordingly, the Reporters Committee petitioned the District Court to remedy those denials of access. The injury-in-fact element of the standing analysis requires nothing more.[7]

---

[7] The USAO cites no authority, whatsoever, for its claim that the "mere fact that a policy causes materials to be publicly inaccessible does not mean all members of the public have standing to challenge the policy." Appellee's Br. 28. Nor could it.

The USAO's Brief fails to grapple with the extensive authority cited by the Reporters Committee that supports its standing here. The USAO ignores *In re Iowa Freedom of Information Council*, where this Court explained that "where a member of the media or the public objects to" the closure of a court proceeding, the court must hear the merits of the objection—a holding that presumes, correctly, that members of the media and public have standing to object in the first instance. 724 F.2d 658, 661 (8th Cir. 1983). The USAO likewise does not grapple with precedent from other federal appellate and district courts that squarely address the issue of standing to challenge sealing and other denials of access to judicial records. *See, e.g.*, *Carlson*, 837 F.3d at 757 (holding that author had standing to seek access to sealed grand jury materials); *Doe*, 749 F.3d at 264 (holding that consumer advocacy groups had standing to move for the unsealing of judicial records in a civil case to which they were not a party); *In re Granick*, 388 F. Supp. 3d at 1117 (holding that researchers had standing to move to unseal various electronic surveillance applications, warrants, and orders).

Instead, the USAO claims, incorrectly, that the Reporters Committee's request for access to sealed judicial records is too "generalized to establish an

---

Members of the public plainly have standing to challenge judicial policies and practices that infringe the public's common law and First Amendment rights to inspect judicial records. *See, e.g.*, *Leopold*, 964 F.3d at 1135.

Appellate Case: 22-3326     Page: 14     Date Filed: 05/19/2023 Entry ID: 5278849

injury from the denial of access." Appellee's Br. 24. In effect, the USAO argues that there is no particularized injury here because the Reporters Committee seeks to unseal multiple sealed orders, applications, and supporting materials at once. Appellee's Br. 25.[8] But that is neither here nor there. While the scale of the sealing at issue necessarily dictates the scope of any motion to unseal, it has no bearing on the standing inquiry. *In re Granick*, 388 F. Supp. 3d at 1117 (holding researchers had standing to seek access to nearly 13 years' worth of judicial records related to technical assistance and electronic surveillance warrants and orders, and explicitly considering scope of request in ruling on the merits). Indeed, federal courts of appeals confronted with requests to unseal large numbers of sealed judicial records have uniformly reached the merits of those requests. *See, e.g.*, *Leopold*, 964 F.3d at 1135 (opinion on the merits of a large-scale request to unseal judicial records directing district court to determine "how and when greater access can be provided"); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 85, 96 (2d Cir. 2004) (merits decision in challenge to "longstanding Connecticut state court practice of

---

[8] The USAO's reliance on *State v. Biden*, 52 F.4th 362 (8th Cir. 2022), for this argument is particularly misplaced. Appellee's Br. 25. In that case, as this Court noted, the plaintiff states' asserted injury was "highly attenuated." *State*, 52 F.4th at 371. Here, the Reporters Committee's injury is the direct result of the (undisputed) fact that the judicial records it seeks to inspect are sealed. Far from attenuated, the Reporters Committee's informational injury is obvious, ongoing, and will continue in light of the District's docketing and sealing practices.

10

sealing certain docket sheets, as well as entire case files," holding that the First Amendment right of access applies to docket sheets).

The USAO's contention that the Reporters Committee's "interest in the matter is highly abstract" fares no better. Appellee's Br. 27. Courts broadly agree that the sort of informational injury alleged by the Reporters Committee here is concrete and satisfies Article III. *See, e.g.*, *Akins*, 524 U.S. at 20; *Carlson*, 837 F.3d at 758; *Doe*, 749 F.3d at 264; *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 927 (5th Cir. 1996); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *In re Granick*, 388 F. Supp. 3d at 1117. Indeed, courts have long recognized that every member of the public has a shared interest in—and right of access to—court records and proceedings. That right, *inter alia*, ensures the public both understands and has trust in the judicial system, and guards against judicial and prosecutorial misconduct. *See e.g.*, *Press-Enterprise Co. v. Super. Ct.* (*Press-Enterprise II*), 478 U.S. 1, 8–10 (1986) (discussing history and importance of public access to judicial proceedings); *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 605–06 (1982) (same); *Gannett Co. v. DePasquale*, 443 U.S. 368, 412, 428 (1979) (Blackmun, J., concurring in part) (discussing importance of public scrutiny in the ensuring fairness in the judicial process); *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, (*In re Gunn*), 855 F.2d 569, 574 (8th Cir. 1988) ("[P]ublic access to documents filed in support of search warrants is

11

important to the public's understanding of the function and operation of the judicial process and the criminal justice system and may operate as a curb on prosecutorial or judicial misconduct."). That the right to inspect judicial records is shared by all members of the public means that any individual member of the public has standing to vindicate that right—it does not mean that no one does. *See, e.g.*, *Press-Enterprise II*, 478 U.S. at 8–10; *Globe Newspaper Co.*, 457 U.S. at 605–06; *Gannett Co.*, 443 U.S. at 428; *In re Gunn*, 855 F.2d at 574.

Finally, the USAO posits that the Reporters Committee, through its Amended Application, is asserting a "right to have the Government act in accordance with the law." Appellee's Br. 27; *see also* Appellee's Br. 25–26. But what the Reporters Committee is asserting in its Amended Application is clear and specific. It has moved to unseal applications, supporting materials, and resulting warrants and court orders, and to require the docketing and unsealing of denied applications—judicial records that the Reporters Committee has a presumptive right to inspect. The Amended Application does not seek to alter how the USAO investigates crimes, nor does it seek to interfere in any ongoing investigations. The Amended Application seeks access to specific, sealed judicial records and seeks to ensure that default sealing and docketing procedures in the District do not deprive it and other members of the public of the right to access similar records that are filed in the future. The USAO's baseless assertions about what it claims the

12

Reporters Committee is "truly" seeking to do should be disregarded; the Reporters Committee wants the relief set forth in its Amended Application—relief it has standing to seek.[9]

### III. The USAO's arguments about the appropriate evidentiary burden are a red herring.

The USAO, like the District Court, faults the Reporters Committee for failing to produce evidence of its predicate injury. Appellee's Br. 21–23. Below, however, the only facts material to the standing analysis were not in dispute.[10]

---

[9] The USAO's argument that it was inappropriate to "seek wholesale improvement of a government program by court decree, rather than in the offices" of the executive and legislative branches is also misplaced. Appellee's Br. 25. The Reporters Committee seeks the unsealing of judicial records that are currently under seal in the District, as well as changes to the District's practices for docketing and unsealing its own records. This relief can *only* be sought from the District Court—not from another branch of government. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) ("The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case." (cleaned up) (quoting *Nixon*, 435 U.S. at 599))).

[10] The USAO incorrectly asserts, for the first time on appeal, that the Reporters Committee did not plan to review the requested records, and it mischaracterizes the District Court's statement on this point as a factual finding. *See* Appellee's Br. 23. To be clear, the USAO did not dispute below the Reporters Committee's intention to inspect the records at issue. If that fact had been in dispute, further proceedings to resolve it—not dismissal—would have been required under any summary judgment-like procedure. Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact . . ., the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it; or (4) issue any other appropriate order."). In any event,

13

There was no genuine dispute that the Reporters Committee could not access the sealed and undocketed records identified in the Amended Application, nor was there any genuine dispute that the Reporters Committee had asserted an arguable right of access to said records under the common law and First Amendment. *See* Appellant's Br. 36–37. The District Court should have determined that the Reporters Committee had standing based on the undisputed facts set forth in the Amended Application and supporting memorandum of law.

The USAO contends that because the Reporters Committee sought final judgment in its favor, the District Court properly treated the Reporters Committee's Amended Application as if it were a motion for summary judgment. Appellee's Br. 22. According to the USAO, a party seeking summary judgment must produce evidence in support of its claims—including evidence of standing. *Id.* This argument fails for multiple reasons. First, the standards governing summary judgment do not necessarily apply when a party seeks final judgment in its favor; many types of motions can result in the entry of final judgment and the conclusion of a case, and they are not treated the same way as motions for

---

however, as detailed herein and in the Opening Brief, the Reporters Committee was not—as a matter of law—required to detail its specific plans for inspecting the records if they were unsealed to establish its standing to move that they be unsealed. *See, e.g.*, *Nixon*, 435 U.S. at 597 (stating that courts "do not condition enforcement of" the right of access "on a proprietary interest in the document or upon a need for it as evidence in a lawsuit").

Appellate Case: 22-3326     Page: 19     Date Filed: 05/19/2023 Entry ID: 5278849

summary judgment. *See, e.g.*, Fed. R. Civ. P. 4(m) (failure to properly serve a complaint); Fed. R. Civ. P. 12(b)(1)–(7) (various grounds for a motion to dismiss); Fed. R. Civ. P. 12(c) (motion for judgment on the pleadings); Fed. R. Civ. P. 41(a)(2) (motion for voluntary dismissal); Fed. R. Civ. P. 41(b) (motion for involuntary dismissal). Here, the briefing below was unlike summary judgment briefing and more akin to briefing on a motion for judgment on the pleadings. *See* Appellant's Br. 36–37.

Second, in any event, even if the Amended Application were subject to the standards governing summary judgment, dismissal for lack of standing would have been inappropriate. Again, the only facts material to the Reporters Committee's standing were undisputed.

## CONCLUSION

For the reasons stated above and in the Reporters Committee's Opening Brief, this Court should reverse and remand the case to the District Court for further proceedings.

15

Dated: May 18, 2023

s/ Megan Graham

Megan Graham[*]
Samuelson Law, Technology &
   Public Policy Clinic
353 Law Building
UC Berkeley School of Law
Berkeley, CA 94720-7200
Tel: (510) 664-4381
mgraham@clinical.law.berkeley.edu

Katie Townsend
Bruce D. Brown
Charlie Hogle
Jennifer Nelson
Reporters Committee for Freedom
   of the Press
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Tel: (202) 795-9300
ktownsend@rcfp.org

Mary A. ("Leita") Walker
Ballard Spahr LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
Tel: (612) 371-3211
walkerl@ballardspahr.com

*Counsel for Petitioner-Appellant*

---

[*] The Reporters Committee and the Samuelson Law, Technology & Public Policy Clinic would like to thank clinical law students Savannah Grossarth Nuttall and Henry Metro for their contributions to this Reply.

Appellate Case: 22-3326   Page: 21   Date Filed: 05/19/2023 Entry ID: 5278849

## CERTIFICATE OF COMPLIANCE

A.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) because it contains 3953 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This count is from the word-count function of Microsoft Word.

B.     This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac Version 16.73 (part of Microsoft Word for Office 365) in 14-point Times New Roman font.

C.     Pursuant to Eighth Circuit Rule 28A(h)(2), this brief has been scanned for viruses and the motion is virus-free.

Dated: May 18, 2023                         *s/ Megan Graham*
                                            Megan Graham
                                            Samuelson Law, Technology &
                                              Public Policy Clinic
                                            353 Law Building
                                            UC Berkeley School of Law
                                            Berkeley, CA 94720-7200
                                            Tel: (510) 664-4381
                                            mgraham@clinical.law.berkeley.edu

                                            *Counsel for Petitioner-Appellant*

17

# CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 18, 2023

*s/ Megan Graham*
Megan Graham
Samuelson Law, Technology &
   Public Policy Clinic
353 Law Building
UC Berkeley School of Law
Berkeley, CA 94720-7200
Tel: (510) 664-4381
mgraham@clinical.law.berkeley.edu

*Counsel for Petitioner-Appellant*

Appellate Case: 22-3326   Page: 23   Date Filed: 05/19/2023 Entry ID: 5278849